## Musgrove, Sr. v. Commonwealth

*Jerome M. Dubyn,* for plaintiffs.

*Lee B. Koehler,* for Commonwealth and Pennsylvania Turnpike Commission.

*Fackenthal, Teel & Stertz,* for M. & G. Convoy, Inc., defendant.

WILLIAMS, P.J., July 2, 1973.—This matter is before us on preliminary objections to a complaint in trespass.

Plaintiffs seek damages for personal injuries alleged to have been sustained by reason of a motor vehicle collision which occurred on September 16, 1969. Defendant, M. & G. Convoy, Inc., asks that counts 6, 7, 8, 9 and 10 of the complaint be stricken. Defendant contends that these counts allege that the vehicle owned by defendant was negligently, carelessly and recklessly operated at the time of the collision; that the allegations in the complaint are insufficient to

support the averment that its vehicle was recklessly operated.

The allegations in the complaint pertinent to the issue before us are:

"33. Defendant's aforesaid vehicle negligently, carelessly and recklessly entered the left lane and forced the Yasenchock vehicle out of control and caused it to cross over the aforesaid medial strip and strike the vehicle in which the Plaintiffs were passengers."

Paragraph 34 of the complaint alleges generally (a) excessive speed under the circumstances; (b) failure to give proper and adequate warning of the approach of defendant's vehicle: (c) failure to have the vehicle under control; (d) operated the vehicle in utter disregard for the rights, safety and position of plaintiffs herein at the point aforesaid, and (e) violated various statutes of Pennsylvania pertaining to the operation of motor vehicles upon the public highways.

The issue here presently was recently decided by the Superior Court in the case of Ammlung v. Platt, 224 Pa. Superior Ct. 47 (1973). There, the issue was raised whether an amended complaint satisfactorily averred wanton conduct. The court said:

"Under Pa. R.C.P. No. 1019(b), '[m]alice, intent, knowledge, and other conditions of the mind may be averred generally.' Wantonness, being in principle a state of mind, has been regarded as included within the rule. See McDonald v. Gross, 10 Mercer Co. L.J. 1 (1970); Linebaugh v. Record Herald Publishing Co., 1 Adams Co. Legal J. 190 (1960) (recklessness). The permissibility of pleading a condition of the mind generally, in a fact-pleading state, is, of course, founded upon necessity. The allowance of such pleading was not meant, however, to dispense with the requirement that material facts constituting the con-

duct of a defendant also be pleaded. See 2A R. Anderson, Pennsylvania Civil Practice §1019.42 (1969)."

The Supreme Court in Evans v. Philadelphia Transportation Company, 418 Pa. 567 (1965), at page 574, adopted the definition of "reckless disregard for safety" as set forth in Restatement, Torts §500, which reads as follows:

"Restatement, Torts §500, defines 'Reckless Disregard of Safety' to exist if the actor 'intentionally does an act or fails to do an act which it is his duty to the other to do, knowing *or having reason to know* of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him.' (Italics supplied.)

"Comment d thereto states that if the conduct involves a high degree of chance that serious harm will result, that fact, that he knows *or has reason to know* that others are within the range of its effect, is conclusive of his recklessness."

The complaint falls far short of setting forth facts which meet the requirements of this definition. In fact, all the allegations of negligence, carelessness and recklessness are stated in the most general language except in paragraph 33. That paragraph alleges that defendant's vehicle was operated in its left lane of the highway. While such an allegation taints defendant with negligence which he may wipe away with evidence he was not at fault (Smail v. Flock, 407 Pa. 148, 151 (1962)), it does not support an allegation that the vehicle was recklessly operated.

There are no facts pleaded from which a jury could find either (a) that the operator of defendant's vehicle acted intentionally, or (b) knew of facts, or had reason to know of facts, which would lead a reasonable man

to realize that his conduct created an unreasonable risk of bodily harm to plaintiffs, but also involved to a high degree of probability that substantial harm would result to plaintiffs.

While we have before us preliminary objections to strike, under the ruling in Ammlung, supra, we will treat the preliminary objections as in the nature of a request for a more specific pleading and enter the following

## ORDER

And now, July 2, 1973, the preliminary objections are sustained en toto as to the allegation of recklessness, and plaintiffs are given 20 days in which to file an amended complaint. If no amended complaint is filed, the suit will be tried on the allegation of negligence only.

WILLIAMS, P.J., July 2, 1973.—Plaintiffs have sued three defendants to recover for personal injuries arising out of a motor vehicle accident which occurred in Monroe County. Defendant, Pennsylvania Turnpike Commission, filed preliminary objections. Under the heading of demurrer, the commission claims immunity from tort liability. Under the heading of misjoinder, the commission claims it was improperly joined as a party.

## DEMURRER

The precise issue raised by the demurrer was decided favorably to the Turnpike Commission in Rader v. Pennsylvania Turnpike Commission, 407 Pa. 609 (1962), where the Supreme Court held that as an instrumentality of government, the Turnpike Commission is immune from tort liability. To the same effect is Thomas v. Baird, 433 Pa. 482 (1969).

Plaintiffs contend that the immunity claimed was abolished by the decision of the Supreme Court filed May 23, 1973, in Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A. 2d 877 (1973). However, Ayala only abolishes tort liability as to local municipal governments such as cities, boroughs, townships and school districts. On the contrary, on the same day that Ayala was decided, a majority of the court held in Brown v. Commonwealth, 453 Pa. 566, 305 A. 2d 868 (1973), that immunity of the Commonwealth against tort liability is constitutionally mandated under Article 1, sec. 11, of the Pennsylvania Constitution, unless the legislature adopts legislation to the contrary. This decision controls the issue before us and we must sustain the demurrer.

When it is certain that a plaintiff may not recover as a matter of law, the court will dismiss the complaint: Ammlung v. Platt, 224 Pa. Superior Ct. 47, 59 (1973). Since plaintiff cannot possibly recover against the Commonwealth or the Pennsylvania Turnpike Commission, the complaint will be dismissed as to those defendants.

## MISJOINDER

Since we are sustaining the demurrer, it is unnecessary to consider this objection.

## ORDER

And now, July 2, 1973, demurrer is sustained and the complaint dismissed as to defendants, Commonwealth of Pennsylvania and the Pennsylvania Turnpike Commission.